SANTOS FERRER RODRÍGUEZ, demandante y recurrido, *v.* SEBASTIÁN FIGUEROA, demandado y recurrente.

*Número:* R-79-344     *Resuelto:* 27 de febrero de 1980

*Gilberto Figueroa Merced, Gilberto Acosta Ayala, Angel A. Rivera Montalvo, Federico Comas Montalvo, Wilfredo Mercado Ramos, Gabriel García Mayas, Relim Sosa Ramírez* y *Ana Rosa Biascochea,* abogados del recurrente; *Miguel A. Ferrer Rodríguez,* abogado del recurrido.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

El demandado recurrente, señor Sebastián Figueroa, adquirió del recurrido un animal que resultó estar enfermo y que murió a los pocos días de la compra. El 25 de abril de 1979 el comprador se querelló de estos hechos ante el Departamento de Asuntos del Consumidor (DACO).

Poco tiempo después, el vendedor radicó una demanda en el Tribunal de Distrito para que el comprador le pagara el balance adeudado por la venta, montante a setenta dólares. El comprador demandado solicitó su desestimación en vista de que DACO había asumido jurisdicción del asunto y señalado la querella. El Tribunal de Distrito se negó a desestimar el caso. El comprador instó petición de *certiorari* ante el Tribunal Superior, la cual no fue acogida, a pesar de que DACO ya había celebrado la vista correspondiente y la querella estaba pendiente de decisión.

El comprador ha recurrido ante nos y sostiene que erró el tribunal de instancia al no desestimar el pleito.

▮ El derecho de DACO a entender en la querella radicada por el comprador no se cuestiona ni puede cues-

tionarse. El Art. 6(d) de la Ley Núm. 5 de 23 de abril de 1973, 3 L.P.R.A. sec. 341e, dispone:

"En adición a los poderes y facultades transferidos por l⁊ presente ley, el Secretario de Asuntos del Consumidor tendrá los siguientes poderes y facultades:

. . . . . . . .

(d) Poner en vigor, implementar y vindicar los derechos de los consumidores, tal como están contenidos en todas las leyes vigentes, a través de una estructura de adjudicación administrativa con plenos poderes para adjudicar las querellas que se traigan ante su consideración y conceder los remedios pertinentes conforme a derecho. . . ."

■ De la Exposición de Motivos de esta ley se desprende que DACO fue establecida como "una agencia especializada con personal profesional y ténico altamente competente, para poder vindicar los derechos del consumidor en una forma agresiva y simple." El análisis del esquema general de esta legislación revela, además, el propósito de suplir un procedimiento sencillo, poco costoso y ágil para la dilucidación de reclamaciones de cuantía menor. En *Hernández Denton* v. *Quiñones Desdier*, 102 D.P.R. 218, 223 (1974), nos referimos al uso creciente del proceso administrativo para atender controversias consideradas antes de la competencia exclusiva de los tribunales. Véase: *Pérez Ríos* v. *Hull Dobbs*, 107 D.P.R. 834 (1978).

■ En la situación de autos el consumidor podía escoger entre dos foros. Podía querellarse ante el foro administrativo o presentar directamente en el foro judicial la acción redhibitoria o la cuantiminosa. Optó por lo primero. La cuestión a resolver es si después de presentarse la querella administrativa el vendedor puede privar de competencia a DACO, quien ha actuado con diligencia, e insistir en que el asunto se dilucide directamente en el foro judicial.

La contestación en este caso es que no. Nuestra legislación reconoce el derecho del consumidor a seleccionar en estas circunstancias el foro administrativo. La decisión de que el vendedor puede incoar y proseguir posteriormente ante los

tribunales una acción separada en cobro de dinero es contraria a los fines de tal legislación. (¹)

En segundo término, es importante coordinar adecuadamente la labor de las agencias administrativas y de los tribunales. Este factor, que provee fundamento parcial para la doctrina de la jurisdicción primaria, 3 Davis, *Administrative Law Treatise*, 1958, pág. 5, (²) aconseja que no se perturbe la distribución de tareas establecidas en este caso, con el consiguiente derroche de poder adjudicativo, en ausencia de hechos especiales que exijan un resultado distinto.

En tercer lugar, los derechos del vendedor no se perjudican. Nuestro ordenamiento jurídico le asegura debida oportunidad de obtener la revisión judicial de la decisión. La desestimación de su demanda por cobro de dinero es sin perjuicio de ese derecho.

Por último, aunque con hechos análogos, pero no idénticos, en *Cervecería India, Inc.* v. *Tribunal Superior*, 103 D.P.R. 686, 691–92 (1975), afirmamos que "una vez se ha optado por tramitar la querella en la esfera administrativa, la acción judicial directa queda suspendida, supeditada a que dicho trámite finalice. . . ."

■ La base teórica de lo que antecede es de interés. Esta debe exponerse brevemente para definir los límites de esta decisión. No estamos en verdad ante un caso de jurisdicción primaria exclusiva, sino de lo que se conoce como verdadera jurisdicción primaria o, para precisar mejor su significado, la doctrina de la prelación entre tribunales con jurisdicción concurrente. Véase: Botein, *Primary jurisdiction: the Need for Better Court/Agency Interaction*, 29 Rutgers L. Rev. 867 (1976). En cuanto a la incertidumbre que tradicionalmente ha asediado este campo en Estados Unidos, véase: Jaffe,

---

(¹) No estamos expresando criterio alguno sobre la situación en que el vendedor acude primero ante los tribunales.

(²) Para el tratamiento de esta doctrina en Puerto Rico, véase: *E.L.A.* v. *12,974.78 Metros Cuadrados*, 90 D.P.R. 506 (1964); *Heftler International, Inc.* v. *J. de P.*, 99 D.P.R. 467, 476 (1970).

*Primary Jurisdiction*, 77 Harv. L. Rev. 1037, 1038–41 (1964). La verdadera jurisdicción primaria ocurre tan solo cuando existe jurisdicción concurrente entre el proceso administrativo y el sistema judicial.

En este último género de litigios el problema consiste en resolver cuál foro es el más apropiado para proceder primero. A distinción de los pleitos de jurisdicción primaria exclusiva, en que se priva a los tribunales de todo poder sobre el caso, la verdadera jurisdicción primaria únicamente suspende o dilata la intervención judicial. Se han aducido diversas razones para justificar la deferencia a la agencia administrativa en casos de jurisdicción concurrente: la destreza o pericia de la agencia, la prontitud usual del proceso de decisión, el uso de técnicas de adjudicación más flexibles y muchas otras. Botein, *supra*, 878 y ss. No es aconsejable establecer normas uniformes, aplicables a todas las agencias y a todos sus casos. Cada situación exige conjugar estos factores y considerar las circunstancias que apuntan o no a la conveniencia de permitir que la controversia se dilucide inicialmente en el foro administrativo. Es lo que hemos intentado hacer en este caso.

*Por las consideraciones expuestas se expide el auto solicitado, se revoca la sentencia dictada y se desestima la demanda en este caso.*

El Juez Asociado Señor Rigau concurre en el resultado.