Rivera de Martínez, Juez Ponente
*1128 TEXTO COMPLETO DE LA SENTENCIA
El recurso instado en el caso de epígrafe, interesa, la revisión de una resolución emitida por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Carolina, por voz de la Hon. Lydia E. Couvertier. Mediante dicha resolución el Tribunal ordenó a la Cooperativa de Servicios de Equipaje, a tenor del Artículo 8 de la Ley Núm. 80, aprobada el 30 de mayo de 1976, según enmendada, 29 L.P.R.A. Sec. 185K(b), a depositar la cantidad de $15,000 la cual, es la suma equivalente a la compensación total que tendría que pagar dicha parte, si se dictara sentencia en su contra. Examinemos detenidamente los hechos que originan esta controversia.
El 14 de julio de 1993, la Sra. Taidín Torres Vélez y los Sres. Joel Ortiz Medina y Carlos R. Díaz, demandantes-recurridos, presentaron una demanda contra la Cooperativa de Servicios de Equipaje, demandada-peticionaria. En resumen, alegaron que fueron contratados como maleteros suplentes por la referida Cooperativa, mediante contrato temporero trimestral. Adujeron, además, que estuvieron trabajando por espacio de un año, hasta el 23 de abril de 1993, fecha en que, sin justificación alguna, no se les renovó el contrato, a pesar de que alegadamente sus supervisores y compañeros manifestaron que ellos realizaron excelentemente su labor. Reclamaron que la única causa por la cual no se les renovó el contrato es por razón de edad, ya que sus edades fluctúan entre los 18 a 22 años, y en contraste con ese hecho, la peticionaria contrató para esa misma fecha, alrededor de veintiuna (21) personas adicionales, todas mayores de edad, para desempeñar labores idénticas a las que estos realizaban. En consecuencia, solicitaron "que se les repusiera en sus puestos, o se les pagara el sueldo que hubiesen devengado, y se les indemnizara por daños sufridos por la cantidad de $15,000.00". 
El 22 de julio de 1993, la demandada-peticionaria contestó la demanda. En síntesis, alegó que la terminación de los contratos en la fecha pactada estuvo justificada, pues al expirar el término cierto para el cual se les contrató los demandantes-recurridos no tenían derecho bajo ley alguna a que se les otorgaran nuevos contratos de empleo temporero, ni se les repusiera en el empleo. Señaló que dicho contrato no disponía ningún apartado para que fuese renovado automáticamente. Argumentó, además, que el despido no se debió a discrimen por razón de edad, ya que los veinte (20) nuevos empleados temporeros tienen edades que fluctúan entre los 18 a 31 años y sólo tres (3) tienen más de 24. Por último, alegó que cumplió con su reglamento intemo, aduciendo que las evaluaciones efectuadas a los demandantes fue un factor de peso para que sus contratos de empleo temporero no fueran renovados.
Así las cosas, el 4 de octubre de 1993, la demandada-peticionaria presentó una moción de sentencia sumaria. Se reiteró básicamente en las alegaciones presentadas en la contestación a la demanda, y argumentó que los demandantes habían dejado de exponer en su querella una reclamación que justificase la concesión de un remedio legal, siendo la acción instada una frívola y temeraria.
El 25 de octubre de 1993, los demandantes-recurridos se opusieron a la solicitud de sentencia sumaria. Plantearon que existía controversia real sobre los hechos esenciales del caso, y alegaron que bajo el contrato de empleo temporero todos los demandantes llevaban laborando para la demandadápeticionaria más de cinco meses, desarollando así una expectativa de continuidad. También indicaron que las evaluaciones con resultados deficientes que alegadamente realizó la demandada-peticionaria fueron hechas el día 7 de mayo de 1993, o sea, dos semanas después de haberlos despedido, sin que se tomara en cuenta la opinión de sus supervisores, todo esto en violación al reglamento de la cooperativa.
*1129 El 16 de noviembre de 1993, la demandada-peticionaria presentó una réplica a la moción en oposición a la sentencia sumaria, de los demandantes-recurridos, básicamente oponiéndose a todas las alegaciones de esta parte.
Trabada ahí la controversia, el 13 de enero de 1994, el tribunal de instancia declaró con lugar la sentencia sumaria, y desestimó el caso con perjuicio. Determinó que a los demandantes-recurridos no se les violó ningún derecho, por tratarse de un caso en que los empleados fueron contrados por un término cierto, sin que el contrato contemplara una renovación automática. Resolvió también, que la demandada-peticionaria cumplió con los principios legales pertinentes en la contratación de empleados temporeros y que dichos contratos eran "bonafide." Rechazó específicamente la alegáción de discrimen por razón de edad, indicando que no había indicio alguno de discriminación ya que prácticamente la totalidad de los empleados nuevos eran tan jóvenes como los demandantes. Rechazó, además, la alegada discriminación por cualquier otro motivo por no existir ninguna prueba al respecto.
Sin embargo, más tarde, y sin explicación aparente alguna, el tribunal de instancia dejó sin efecto, sub silentio, dicha sentencia sumaria, al ordenar a las partes-prepararse para celebrar una conferencia con antelación al juicio. El 8 de septiembre de 1994, ambas partes suscribieron el informe preliminar entre abogados.
El 8 de noviembre de 1994, la demandada-peticionaria presentó una moción de desestimación basada en que los demandantes-recurridos debieron primero agotar los remedios administrativos bajo el ordenamiento cooperativista. 
En oposición a este planteamiento, el 15 de noviembre de 1994, los demandantes-recurridos alegaron que no tenían que agotar remedio administrativo alguno ante el Inspector de Cooperativas, conforme a las disposiciones legales en las que habían fundado su causa de acción. De otra parte, solicitaron que la demandada-peticionaria depositara la cantidad de $15,000.00, equivalente a la compensación reclamada, conforme al artículo 8 inciso k(b) de la Ley Núm. 80, supra. 
El 11 de enero de 1995, el tribunal de instancia declaro sin lugar la moción de desestimación de la demandada-peticionaria. Allí expuso lo siguiente:
"NO HA LUGAR A LA MOCION DE DESESTIMACION RADICADA POR LA PARTE DEMANDADA. EL JUICIO SE RE-SEÑALO PARA OTRA FECHA POR RAZON DE LA RENUNCIA DE LA LIC. NORMA PIETRI CASTELLO Y SE LES ORDENO A AMBOS ABOGADOS EL QUE ESCOGIERAN TRES (3) FECHAS DE AGOSTO COSA QUE NO HICIERON. SE RE-SEÑALA PARA EL 31 DE AGOSTO DE 1995 A LAS 9:15 A.M."
El 26 de enero de 1995, los demandantes-recurridos presentaron una moción de reconsideración en cuanto a la solicitud del depósito de la fianza, basada en el hecho de que aunque el tribunal resolvió en su favor la moción original en donde se planteó el aspecto de la fianza, no obstante, el tribunal nada dispuso sobre este planteamiento en específico. El Í3 de febrero de 1995, el tribunal declaró con lugar la misma, y ordenó a la demandada-peticionaria a depositar la cantidad requerida. Dicha resolución lee como sigue:

"Como se solicita. Patrono cumpla con el remedio que provee 29 L P.R.A. (k) (b)"

Ante esa determinación, el 24 de febrero de 1995, la demandada-peticionaria radicó una moción de reconsideración. Así las cosas, y luego de que los demandantes-recurridos se opusieran a la misma, el 3 de abril del año en curso el tribunal de instancia declaró sin lugar la moción de reconsideración de la peticionaria y sostuvo la orden de pago del depósito. Sin más fundamentos, dispuso lo siguiente:
"Como se solicita. Parte querellada cumpla de [sic] quince (15) días [sic] lo solicitado por la querellante. Depósito de suma equivalente a la compensación total a la que tendría, [sic] etc. Véase 29 L.P.R. [sic] See. 183 (K) (B) refiérase (sic) a S. 185 (K) (s)". (Enfasis nuestro)
*1130 Inconforme con esa determinación, el 3 de mayo de 1995, la aquí peticionaria instó el presente recurso en el cual alega que el tribunal de instancia cometió los siguientes tres errores:

"A. Erró el Honorable Tribunal de Instancia al acoger una acción civil reclamando reposición y otros remedios por personas acogidas temporeramente para acarrear maletas, las cuales no poseían garantía o seguridad permanente con la demandada. Este error de por sí, o por su efecto combinado con los otros errores señalados, es de tal magnitud que conlleva la revocación de orden recurrida.

B. Erró el Honorable Tribunal al requerir el pago de depósito en una querella alegando despido sin justa causa sin tener jurisdicción sobre ello por haberse incumplido los requisitos exigidos por el ordenamiento. Este error de por sí, o por su efecto combinado con el otro error señalado, es de tal magnitud que conlleva la revocación de orden recurrida.

C. Erró el Honorable Tribunal al imponer el pago de un depósito a la parte Recurrente, privándole de la libre disposición de sus bienes sin larealización de un debido procedimiento de ley, sin existir causa ni fundamentos a los que esta parte pueda referirse o que pueda rebatir, y en contravención de nuestro ordenamiento cooperativista cuyos remedios administrativos no fueron agotados. Este error de por sí, o por su efecto combinado con el otro error señalado, es de tal magnitud que conlleva la revocación de orden recurrida."

El 23 de mayo de. 1995 emitimos una resolución para que en un termino de quince (15) días los recurridos mostraran causa por lo cual no debíamos revocar la resolución dictada por el tribunal de instancia.
El 22 de junio de 1995, se presentó el escrito mostrando causa conforme a nuestra orden. 
Los recurridos fundamentalmente, alegaron lo siguiente: (1) que existía una relación obrero-patronal; (2) que no tenían que agotar remedio administrativo alguno; (3) que a la demandada-peticionaria se le había brindado un debido proceso de ley, ya que expuso cabalmente su posición en cuanto a si procedía o no la imposición de un depósito de $15,000.00 dólares.
Examinados detenidamente los argumentos de ambas partes, estamos en posición de resolver la controversia que ha generado el recurso de epígrafe.
II
El artículo 1 inciso (a) de la Ley Núm 80 , según enmendada, supra, reconoce la indemnización por despido sin justa causa en una relación obrero patronal cimentada en un contrato por término cierto, siempre y cuando se den algunas circunstancias. A continuación, citamos la parte pertinente de la disposición que nos atañe:

"No obstante lo dispuesto en el primer párrafo de esta sección, el mero hecho de que un empleado preste servicios al amparo de un contrato por tiempo determinado por sí solo no tendrá el efecto automático de privarle de la protección de las secs. 185a a 185m de este título si la práctica y circunstancias envueltas u otra evidencia en la contratación fueren de tal naturaleza que tiendan a indicar la creación de una expectativa de continuidad de empleo o aparentando ser un contrato de empleo por tiempo indeterminado bona fide. En estos casos los empleados así afectados se consideraran como si hubieren sido contratados sin tiempo determinado. Excepto cuando se trate de empleados contratados por un término cierto bona fide o para un proyecto o una obra cierta bona fide, toda separación, terminación o cesantía de empleados contratados por término cierto o proyecto u obra cierta, o la no renovación de su contrato, se presumirá que constituye un despido sin justa causa regido por las secs 185a et seq. de este título."

Como puede colegirse del párrafo transcrito, se descarta la presunción de despido sin justa causa cuando el patrono prueba que el contrato de empleo por tiempo determinado es uno bona fide. De no ser así, se tendrá dicho contrato como uno por tiempo indefinido, lo que provocará que aplique la presunción de despido sin justa causa.
El artículo 8 inciso k(a) de la Ley Núm 80 supra, obliga al patrono a presentar ciertas alegaciones *1131 al contestar la demanda:

..."Igualmente, en toda acción entablada por un empleado reclamando los beneficios dispuestos por las sees. 185a et seq. de este título, cuando se trate de que el empleado fue contratado por un término cierto o para un proyecto o una obra cierta, el patrono vendrá obligado a alegar en su contestación a la demanda estos hechos y probar la existencia de un contrato bonafide para entonces quedar eximido de cumplir con el remedio que disponen las secs. 185a et seq. de este título, salvo que el patrono pruebe que el despido fue justificado."

El segundo párrafo del mismo inciso, define que es un contrato bonafide:

"Se considerara bonafide un contrato de empleo por un término cierto o para un proyecto o una obra cierta, aquel que se hace por escrito, durante la primera jornada de trabajo del empleado o en el caso de empleados contratados por compañías clientes por intermediación de compañías de servicios temporeros de empleos durante los primeros diez (10) días del comienzo de su contrato y que tiene el propósito, y así se hace constar, de sustituir durante su ausencia a un empleado durante el uso de licencia legalmente establecida o establecida por el patrono o para llevar a cabo tareas extraordinarias o de duración cierta como son, sin que constituya una limitación, los inventarios anuales, la reparación de equipo, maquinaria o las facilidades de la empresa, el embarque y el desembarque casual de carga, el trabajo en determinadas épocas del año como la Navidad, las órdenes temporeras de aumentos de producción y cualquier otro proyecto o actividad particular de corta duración o duración cierta fija".

En lo que se refiere a la doctrina de agotar los remedios administrativos ante el Inspector de Cooperativas, el caso de Ortiz Ortiz v. Cooperativa, 120 D P.R. 253 262-264 (1987), es ilustrativo. En lo pertinente, nuestro Tribunal Supremo resolvió:

"La jurisdicción primaria ocurre tan sólo cuando existe jurisdicción concurrente entre el procedimiento administrativo y el sistema judicial, y se aplica específicamente citando la situación presenta cuestiones de derecho que requieren el ejercicio de la discreción y del conocimiento especializado de la agencia administrativa. First Fed. Savs. v. Asoc. de Condómines, 114 D.P.R. 426 (1983); Vélez Ramírez v. Romero Barcelo, 112 D.P.R. 716 (1982); Ferrer Rodríguez v. Figueroa, 109 D.P.R. 398 (1980). (Citas omitidas).

Lo determinante en este caso es si la Asamblea Legislativa dispuso expresamente que la Oficina del Inspector de Cooperativas fuera el foro llamado a intervenir. First Fed. Savs. v. Asoc. de Condómines, ante, pág. 439. Como apuntamos en Vélez Ramírez v. Romero Barceló, ante, pág. 725, cuando surge claramente que no hay jurisdicción, ningún beneficio se obtiene al obligar al litigante a mantenerse en la agencia.
En el caso ante nos la reclamación no cae . bajo las facultades del Inspector. Es una reclamación estrictamente privada para cuya solución la agencia no tiene ningún conocimiento especializado. Por el contrario, son los tribunales los llamados a dirimir la controversia. Están involucrados los derechos contractuales y estatutarios que cobijan al demandante si la prueba así lo demuestra. El tribunal tiene que decidir, entre otras cosas, si ésta es una acción por despido injustificado, si proceden daños independientes o adicionales por las alegadas actuaciones difamatorias y discriminatorias, y si las disposiciones del Reglamento confligen con los derechos contractuales regidos por el Código Civil. Al tribunal le corresponde, en primer lugar, resolver el caso. El mero hecho de la impugnación del Reglamento de la Cooperativa no amerita que se remita a la agencia administrativa la totalidad de la controversia." (Enfasis suplido.)
Evidentemente los demandantes-recurridos no tenían que agotar los remedios administrativos ante el Inspector de Cooperativas. La controversia en el presente caso es particularmente apropiada para el foro judicial que es el que tiene los poderes y los instmmentos necesarios para resolver el asunto planteado. Resolvemos, por tanto, que el foro judicial tenía jurisdicción sobre el caso.
Nos corresponde ahora precisar si se siguió el procedimiento establecido por el artículo 8 inciso (b) de la Ley Núm 80, según enmendada, supra, para que un magistrado imponga al patrono una fianza *1132 equivalente a la compensación total a la cual tendría derecho el empleado
La ley establece dos criterios de distinta naturaleza para la imposición de dicha fianza. El primero reza como sigue:
"(b) En todo pleito fundado en, las secs. 185(a) a 185(1) de este título, el tribunal celebrará una conferencia con anterioridad al juicio no más tarde de treinta (30) días después de contestada la demanda. Terminada dicha conferencia, si en su criterio hubiere razones suficientes, más allá de las circunstancias de existir alegaciones conflictivas para creer que su despido fue sin justa causa, dictará una orden para que en término improrrogable de quince (15) días, el patrono demandado deposite en la secretaría del tribunal una suma equivalente a la compensación total a la cual tendría derecho el empleado, y además, una cantidad de honorarios de abogado que nunca será menor del quince (15) por ciento del total de la compensación o cien (100) dólares, la que fuere mayor. El patrono demandado podrá prestar una fianza adecuada para cubrir estas cantidades. Dichas cantidades o dicha fianza le serán devueltas al patrono si se dictare sentencia final y firme a su favor." (Subrayado nuestro.)
Surge con claridad de lo anterior, que el juez: (1) Debe celebrar una conferencia con antelación al juicio no más tarde de treinta (30) días de contestada la demanda, con el propósito de determinar si el despido fue con o sin justa causa. (2) Celebrada dicha conferencia, si en su criterio el juez tuviere razones suficientes para determinar, más allá de las circunstancias de existir alegaciones conflictivas que el despido fue sin justa causa, ordenará la correspodiente fianza.
En lo que respecta al concepto de justa causa, la referida Ley Núm 80, según enmendada, supra, en su artículo 2, dispone lo siguiente:

"Se entendará por justa causa para el despido de un empleado de un establecimiento:

(a)Que el obrero siga un patrón de conducta impropia o desordenada.

(b)La actitud del empleado de no rendir su trabajo en forma eficiente o de hacerlo tardía o negligentemente o en violación de las normas de calidad del producto que se produce o maneja por el establecimiento.

(c) Violación reiterada por el empleado de las reglas y reglamentos razonables establecidas para el júncionamiento del establecimiento siempre que copia escrita de los mismos se haya suministrado oportunamente al empleado.

(d) Cierre total, temporero o parcial de las operaciones del establecimiento.

(e) Los cambios tecnológicos o de reorganización, así como los de estilos, diseño o naturaleza del producto que se produce o maneja por el establecimiento y los cambios en los servicios rendidos al público.

(f)Reducciones en empleo que se hacen necesarias debido a una reducción en el volumen de producción, ventas o ganancias, anticipadas o que prevalecen al ocurrir el despido.

No se considerará despido por justa causa aquel que se hace por mero capricho del patrono o sin razón relacionada con el buen y normal funcionamiento del establecimiento. Tampoco se considerará justa causa para el despido de un empleado la colaboración o expresiones hechas por éste, relacionadas con el negocio de su patrono, en una investigación ante cualquier foro administrativo, judicial o legislativo en Puerto Rico, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada según la ley. En este último caso, el empleado así despedido tendrá derecho, además de cualquier otra adjudicación que correspondiere, a que se ordene su inmediata restitución en el empleo y a que se le compense por una suma igual a los salarios y beneficios dejados de percibir desde la fecha del despido hasta que un tribunal ordene la reposición en el empleo."

*1133 Se desprende de la disposición transcrita que se excluye de la definición de despido por justa causa aquel que por mero capricho del patrono o sin razón relacionada con el buen y normal funcionamiento. del establecimiento Rodríguez v. Pueblo International Inc., D.P.R._(1994), 94 J.T.S. 37, a la .pág. 1169. O sea, "que se entenderá por justa causa para. el despido no ya en el libre arbitrio del patrono, sino en razón vinculada a la ordenada marcha y normal funcionamiento de la empresa". Secretario del Trabajo v I.T.T., 108 D P R 536, 543 (1979)
El segundo criterio para imponer la fianza, estáblecido por el artículo , inciso (b) de la Ley 80, antes mencionada, tiene un carácter extraordinario que no está sujeto a un despido sin justa causa:

"En cualquier etapa de los procedimientos, en que, a petición de parte, el tribunal determine que existe grave riesgo de que el patrono carezca de bienes suficientes para satisfacer la sentencia que. pueda dictarse en su día en el caso, el tribunal podrá exigir el depósito antes indicado o la correspondiente fianza."

Bajo esta disposición, el juez, a petición de parte y en cualquier etapa de los procedimientos, podrá imponer dicha fianza, si-determina que existe grave riesgo de que el. patrono carezca de bienes suficientes para satisfacer la sentencia que pueda dictarse en su día en el caso.
En el presente caso el tribunal de instancia impuso una fianza de $15,000.00 a la Cooperativa de Servicios de Equipaje, tomando en consideración evidentemente el primer criterio contemplado bajo el artículo 8 de la Ley 80, supra.
Nos compete examinar si dicho tribunal cumplió con lo establecido en esa parte de la mencionada disposición estatutaria. En primer lugar, el tribunal no celebró la conferencia con antelación al juicio en el término de treinta (30) días después de contestada la demanda, según dispone la ley. Ni siquiera surge de los autos en apelación que se haya celebrado la referida conferencia antes de imponer la fianza en controversia. Sólo se limitó el tribunal a conceder tiempo a las partes para expresarse en cuanto a si procedía o no la imposición de la fianza.
De otra parte, en su resolución del 13 de febrero de 1995, el tribunal de instancia no indica las razones que lo motivaron a ordenar el depósito de la fianza. Más aún del examen cuidadoso de los documentos obrantes en autos que el tribunal de instancia evaluó, no surgen las razones suficientes que tuvo para determinar más allá de las circunstancias de existir alegaciones conflictivas, que el despido fue sin justa causa, según requiere la ley. Por el contrario, de las propias conclusiones del tribunal, y de los argumentos esgrimidos en la sentencia sumaria emitida el 13 de enero de 1994, en favor de la peticionaria, surgen méritos suficientes para, que a esta parte no se le exigiera el depósito de la compensación reclamada en el presente caso.
Aun cuando estamos conscientes de que a los estatutos sobre legislación obrero patronal les asiste ¡ una interpretación liberal en favor del empleado, no obstante, no hay razones suficientes que ; podamos considerar, más allá de las meras alegaciones conflictivas, para creer que los despidos fueron l sin justa causa. A la luz de todo lo anterior es forzoso concluir que en el presente caso, no se ‘ establecieron las razones suficientes que requiere la ley para imponer la fianza en cuestión, ni el tribunal siguió el procedimiento correcto, por lo cual, el foro de instancia estaba impedido de imponer : la fianza en controversia
III
Por los fundamentos que anteceden, se expide el.auto y se revoca la resolución recurrida. Remítase el caso al Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Carolina, para la continuación de los procedimientos judiciales en forma consistente con la presente Sentencia.
Lo acordó el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
*1134 ESCOLIOS 96 DTA 289
1. Estas reclamaciones las fundaron en las siguientes leyes: Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. See. 146; Ley Núm. 32 de 8 de diciembre de 1990, 29 L.P.R.A. Sees. 146 y 151 y Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. Secs. 185A y sig.
Véase la demanda, a las págs. 2-3 del apéndice de este recurso.
2. Véanse las págs. 4-7 del Apéndice.
3. Véanse las págs. 11-17 del Apéndice.
4. Véanse las págs. 18-24 del Apéndice.
5. Esta alegación está basada únicamente en las horas laborables rendidas por los demandantes-recurridos. Véase moción en oposición a la sentencia sumaria a las págs. 18-24.
6. Véanse las págs. 25-27 del Apéndice.
7. Dicha sentencia sumaria fue notificada el 2 de febrero de 1994. La misma consta en las págs. 28-32 del Apéndice.
8. Véanse las págs. 42-45 del Apéndice.
9. Véanse las págs. 46-48 del Apéndice.
10. Véanse las págs. 50-51 del Apéndice
11. Véanse las pags. 53-55 del Apéndice.
12. Véase réplica a la moción de reconsideración, presentada el 23 de marzo de 1995 a las págs. 57-58 del Apéndice.
13. Esta resolución fue notificada el 6 de abril de 1995.
14. Cuando dicho escrito llegó al despacho del panel de jueces, había comenzado el receso de verano, por lo que el caso se resolvió luego de concluir el receso.
15. Vélez Rodríguez v. Pueblo International,_D.P.R._(1994), 94 J.T S. 37.