Pesante Martínez, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
En el presente recurso se nos pide que revoquemos una Resolución del Tribunal de Primera Instancia, Sala Superior de Guayama en la cual se declaró "Ha Lugar" una solicitud para que se denegara una Moción de Desestimación presentada por los demandados-peticionarios, William Colón Zayas y Julio C. Colón Ortiz. Ante nos los peticionarios señalan que Instancia erró del siguiente modo:

"1- Erró el Honorable Tribunal de Instancia al declararse con jurisdicción sobre la materia haciendo caso omiso de la doctrina de agotamiento de remedios administrativos.

2- Erró el Honorable Tribunal de Instancia al abusar de su discreción y hacer caso omiso de la doctrina de abstención que deben tener los tribunales para con las agencias administrativas y asumir la jurisdicción de toda la controversia en esta etapa de los procedimientos."

I
El asunto que hoy se trae ante nuestra consideración tuvo su génesis en el Departamento de Asuntos del Consumidor (D.A.C.O.) a raíz de una querella que presentara María Emilia Rivera Rodríguez, demandante-recurrida en contra de los señores William Colón Zayas y Julio C. Ortiz, demandados-peticionarios. En la querella, presentada el 28 de junio de 1994, la Sra. Rivera alegó haber contratado al Ingeniero Julio C. Colón Ortiz para que preparara planos y realizara otras gestiones relacionados con la construcción de su casa. Alegó además, que éste le recomendó al señor Colón Zayas para que se encargara de la construcción en calidad de contratista. En la querella imputaba que los querellados incumplieron con los términos y condiciones del contrato y que había invertido $79,000.00 en tal construcción sin que la misma hubiese sido terminada.
Dos días luego de presentada la querella, D.A.C.O. procedió a citar a todas las partes para realizar una investigación sobre lo alegado en la querella. La investigación fue realizada para el 14 de julio de 1994. El 29 de julio de 1994 el Inspector del D.A.C.O., Sr. Edwin Montes, sometió su informe sobre las alegadas deficiencias que presentaba la construcción. Debido a que el querellado no estuvo conteste con tal informe, el inspector recomendó a la señora Carmen Nieves Franceschi, jefa de la División de Querellas, que se citara para una vista administrativa. El 9 de agosto de 1995 se les requirió a las partes que presentaran sus objeciones al informe dentro de los 15 días sub-siguientes. Lo anterior como procedimiento que antecede a la citación para la vista administrativa.
El 19 de agosto de 1994 la querellante presentó ante la agencia una "Moción de Desistimiento Sin Perjuicio". Diez días más tarde, los aquí recurrentes solicitaron la desestimación con perjuicio. La *1351 agencia (D.A.C.O.) resolvió cerrar la querella en controversia por razón de la Moción de Desistimiento sin perjuicio presentada por la aquí recurrida. 
El 15 de septiembre de 1994 la demandante-recurrida presentó ante el Tribunal de Primera Instancia, Sala Superior de Guayama, una demanda por incumplimiento de contráto y daños y perjuicios. En ella alegó los mismos hechos que en la querella ante D.A.C.O. El 24 de marzo de -1995, la parte demandada presentó Moción de Desestimación por falta de jurisdicción sobre la materia, la . cual fue declarada "No Ha Lugar". Inconforme, los peticionarios acuden ante nos alegando en/síntésis, que el Tribunal de Instancia no aplicó la doctrina de agotamiento de remedios administrativos y de abstención judicial. Acogemos sus planteamientos por lo que revocamos la resolución recurrida. .
II
El fin común de las doctrinas de agotamiento de remedios y jurisdicción primaria és el dé lograr armonizar la labor de las agencias administrativas y la de los tribunales de justicia; E.L.A. v. 12,974.78 metros cuadrados, 90 D.P.R. 506 (1964). Véase además, Delgado Rodríguez v. Nazario de Ferrer, 121 D.P.R. 347(1988). Es así como'sé restringe ia intervención judicial en asuntos de la competencia o bajo la consideración de un trámite administrativo que no.ha culminado, Febres v. Feijoó, 106 D.P.R. 676(1978). Se estila darle la deferencia a la agencia por su conocimiento y destrezas especializadas, fin para el cual fueron creadas. Vega v. Pérez & Cía. Inc., 94 J.T.S. 56, opinión del 11 de abril de 1994.
Resulta imperativo' qúe reconozcamos las diferencias entre las doctrinas de agotamiento de remedios y jurisdicción primaria pues por estar tan íntimamente relacionados, en ocasiones se han denominado indistintamente. Delgado Rodríguez v. Nazario de Ferrer, supra.
La doctrina de jurisdicción primaria tiene como fin determinar si deben ser los tribunales o las. agencias quienes hagan la detérminación inicial de una controversia. Paoli v. Rodríguez, 95 J.T.S. 57, opinión del 5 de mayo de 1995. L.o anterior no significa que el Tribunal no tenga oportunidad de entender en el asunto, simplémente el trámite judicial queda suspendido por la deferencia al conocimiento especializado de la agencia, Colón v. Méndez, 92 J.T.S. 51, opinión del 5 de mayo de 1992. Es además, deseable que a las personas se les provea un procedimiento sencillo, rápido y poco costoso antes de someterse a un trámite más intricado como lo es el judicial. Junta de Directores v. Fernández, 94 J.T.S. 80.
Por su parte, la doctrina de agotamiento de remedios establece que los tribunales deben inhibirse ante controversias que aún se encuentren bajo la consideración de las agencias y .que por tanto no han cumplido con el trámite administrativo cabalmente. Colón v. Méndez, supra. Véase además, Aguilú v. P. R. Parking System, 122 D.P.R. 261(1988).
En cuanto se refiere a la jurisdicción primaria, ésta aplica cuando ambos foros, tanto el administrativo como el judicial, tienen jurisdicción concurrente. Esto es, que puede iniciarse la reclamación tanto en el foro administrativo como en el judicial. Sin embargo, si el litigante decidió presentar su querella ante el foro administrativo no debe entorpecer tal trámite insistiendo que el caso se ventile ante los tribunales. Ferrer Rodríguez v. Figueroa, 109 D.P.R. 398(1980).
La aplicación de la doctrina de jurisdicción concurrente dependerá de las circunstancias particulares y específicas de cada caso. Una vez examinada las mismas, se determinará si se debe permitir que la controversia se dilucide inicialmente en el foro administrativo. Ferrer Rodríguez v. Figueroa, supra. Entre los factores o razones que justifican darle la deferencia a la agencia en casos de jurisdicción concurrente, se nos han mencionado: la destreza o pericia de la agencia, la complejidad y especialidad de la controversia, la prontitud usual del proceso decisional y el uso de técnicas de adjudicación más flexibles, entre otras. Al tomar en cuenta tales factores debemos recordar no interferir con el proceso administrativo cuando por la. naturaleza de la controversia así se requiera. Paoli v. Rodríguez, supra.
Distinto es el caso de la jurisdicción primaria exclusiva. El efecto de ésta es el de postergar la intervención judicial. No obstante, para que ésta exista la ley debe disponer que la agencia será la única en tener la jurisdicción inicial para adjudicar la reclamación. Véase: Paoli v. Rodríguez, supra y *1352 Colón v. Méndez, supra.
III
D.A.C.O. como agencia u organismo administrativo es "...una agencia especializada con personal profesional y técnico altamente competente, para vindicar los derechos del consumidor en una forma agresiva y simple". Exposición de Motivos de la Ley Núm. 5 de 23 de abril de 1973. Por virtud de la Ley que crea este Departamento su Secretario podrá:

"(d) Poner en vigor, implementar y vindicar los derechos de los consumidores, tal como están contenidos en todas las leyes vigentes, a través de una estructura de adjudicación administrativa con plenos poderes para adjudicar las querellas que se traigan ante su consideración y conceder los remedios pertinentes conforme a derecho, disponiéndose que las facultades conferidas en este inciso podrá delegarlas el Secretario en aquel funcionario que él entienda cualificado para ejercer dichas funciones. 3 L.P.R.A. see. 341 e(d)."

Es así como, la Ley que crea al D.A.C.O. provee amplios poderes y mecanismos para entender en las querellas que le sean presentadas.
IV
Los demandados-peticionarios plantean ante nos que el Tribunal de Instancia erró pues hizo caso omiso de la doctrina de agotamiento de remedios y abusó de su discreción al no abstenerse de entender en el caso de autos y asumir jurisdicción sobre toda la controversia.
Al enfrentamos a la aplicación del derecho ante el cuadro fáctico, debemos atender los hechos específicos del trámite ante la agencia. La querella de autos fue presentada el 28 de junio de 1994; dos días luego de ser presentada esta querella, D.A.C.O. citó a las partes para la correspondiente investigación. El 14 de julio de 1994 se realizó la investigación. El 29 de julio del mismo año, el inspector de D.A.C.O. presentó su informe. Una vez presentado el informe, el querellado manifestó su inconformidad con el mismo. El 9 de agosto de 1994 se les requirió a las partes que presentaran sus objeciones dentro de los 15 días subsiguientes (Regla 19 del Reglamento de Procedimiento de Querellas del D.A.C.O.). El 19 de agosto de 1994 la querellante solicitó el desistimiento de la querella sin perjuicio; diez días más tarde, los querellados solicitaron desestimación con perjuicio y es así como con fecha de 30 de agosto de 1994 D.A.C.O. procede a desestimar la querella sin perjuicio. El presente recurso no es uno que se encuentre ante la consideración de la agencia y se hubiere radicado al mismo tiempo en el tribunal. De ser así aplicaríamos la doctrina de agotamiento de remedios.
La presente acción pudo haber sido presentada directamente al tribunal. Estamos ante una situación de jurisdicción concurrente. No obstante, la querellante optó por presentar el caso ante la agencia. Resultaba entonces imperativo que culminara el proceso adjudicativo ante la agencia para luego poder aspirar a la acción judicial.
Al examinar los factores que circundan el presente caso, vemos que la controversia fue tratada en la agencia con prontitud. Además, siendo el trámite uno administrativo, se caracteriza por su flexibilidad y la concesión de un remedio adecuado. Ello no es de dudar pues la Ley Habilitadora de D.A.C.O. le otorgó al Secretario amplios poderes a este respecto.
Los factores antes mencionados nos obligan a resolver que la controversia debió ser dilucidada en sus méritos en el foro administrativo. En justicia no debemos permitir que la querellante se valga de la obtención del desistimiento sin perjuicio de su caso, para interrumpir un trámite ágil y flexible y acudir al foro judicial, evadiendo así los canales administrativos creados por ley.
Por todo lo antes expuesto, resolvemos revocar la Resolución y Orden emitida por el Juez de Instancia en la cual se declara con jurisdicción sobre la materia en cuestión. En su consecuencia, desestimamos la demanda.
Notifíquese por la vía ordinaria.
Lo acordó el Tribunal y lo certifica la Secretaria General.
*1353 María de la C. González Cruz
Secretaria General
ESCOLIO 96 DTA 9
1.Carta de D.A.C.O. con fecha de 30 de agosto de 1994, Anejo V, pág. 11 del Apéndice de la Solicitud de Certiorari.