EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| María L. Ríos Sánchez<br><br>    Demandante-Peticionaria<br><br>           v.<br><br>Edwin Narváez Calderón<br><br>    Demandado-Recurrido | Certificación<br><br>2004 TSPR 211<br><br>163 DPR _____ |

Número del Caso: CT-2003-3

Fecha: 31 de diciembre de 2004

Hon. Tribunal de Primera Instancia, Sala Superior de Humacao

Juez Ponente:

                Hon. Isidro García Pesquera

Oficina del Procurador General:

                Lcdo. Héctor Clemente Delgado
                Procurador General Auxiliar

Abogado de la Parte Recurrida:

                Lcdo. Catalino Carrasquillo Trujillo

Materia: Alimentos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

María L. Ríos Sánchez

    Demandante-Peticionaria

    v.                          CT-2003-3

Edwin Narváez Calderón

    Demandado-Recurrido

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 31 de diciembre de 2004.

La Sra. María L. Ríos Sánchez acude ante nos mediante recurso de certificación, en el que aduce que incidió el Tribunal de Primera Instancia al archivar una solicitud de cobro de pensiones alimentarias atrasadas y ordenar su tramitación por la vía administrativa al amparo de la Ley Orgánica para el Sustento de Menores,[1] según enmendada por la Ley Núm. 178 de 1 de agosto de 2003 (en adelante Ley Núm. 178).

En síntesis, debemos determinar si a la luz de las disposiciones de la Ley para el

---

[1] Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, 8 L.P.R.A. sec. 507.

Sustento de Menores, *supra*, el tribunal de instancia tiene facultad para referir al foro administrativo el procesamiento de los asuntos posteriores a la fijación de una pensión alimentaria, a pesar de haber sido el tribunal quien ordenó originalmente el pago de la misma.

I

La señora Ríos Sánchez presentó ante el Tribunal de Primera Instancia una solicitud de pensión alimentaria para una niña menor de edad que procreó con el Sr. Edwin Narváez Calderón. Luego de haberse celebrado la vista correspondiente ante la Oficial Examinadora de Pensiones Alimentarias, el foro de instancia acogió el informe rendido por la funcionaria e impuso al señor Narváez Calderón el pago de una pensión de veinticinco dólares ($25) semanales. Además, emitió una orden de retención de ingresos.

Ante el incumplimiento del señor Narváez Calderón con el pago de la pensión impuesta, la señora Ríos Sánchez presentó una moción en la que solicitó el cobro de los pagos vencidos. Vista la moción presentada por la señora Ríos Sánchez, el tribunal de instancia ordenó el archivo del caso y refirió el mismo a la Administración para el Sustento de Menores (en adelante ASUME) para que sea tramitado por la vía administrativa conforme a la Ley para el Sustento de Menores, *supra*. Por consiguiente, ordenó a las partes presentar ante dicha agencia cualquier comunicación relacionada con el caso, incluidos

documentos, planillas y el descubrimiento de prueba.

La señora Ríos Sánchez acudió de este dictamen al Tribunal de Apelaciones. Alegó que el tribunal de instancia erró al interpretar que la Ley para el Sustento de Menores, *supra*, privó de jurisdicción a los tribunales para entender en los incidentes ulteriores a la fijación de pensiones alimentarias.

Así las cosas, y antes de que el foro intermedio apelativo evaluara el caso en sus méritos, la señora Ríos Sánchez acudió ante nos mediante recurso de certificación. Adujo que la interpretación que el foro de instancia había hecho de la enmienda que la Ley Núm. 178, *supra*, le hiciera a la Ley para el Sustento de Menores, *supra*, tuvo el efecto de privar a los alimentistas de acudir al foro judicial para que éste adjudicase asuntos posteriores a la fijación de las pensiones alimentarias. Planteó que por tratarse de un asunto novel y de un alto interés público, la presente controversia debía ser adjudicada de forma expedita.[2]

Vista su petición, acogimos el recurso de certificación y expedimos el auto solicitado. Con la comparecencia de la parte peticionaria, procedemos a

---

[2] Indicó, además, que actualmente se encuentran ante la consideración del tribunal apelativo cuantro (4) recursos adicionales al de autos que plantean la misma controversia. Éstos son: *José Rosario López y Asunción Lebrón Díaz, Ex parte,* KLCE200301457; *César A. Cabán Tristani y Jessica Martínez Colón, Ex parte,* KLCE2003014448; *Nancy A. Hess y Luis F. Feliciano, Ex parte,* KLCE200301452; y *Eny Báez Ramos y Marcos Espinosa Rodríguez, Ex parte,* KLCE200301472.

resolver.[3]

## II

### A

Sabido es que la obligación de los progenitores de proveer alimentos a sus hijos menores de edad es parte esencial del derecho a la vida. Art. II, Sec. 7 de la Constitución del Estado Libre Asociado, 1 L.P.R.A. Art. II, Sec. 7. Véase McConnell Jiménez v. Palau Grajales, res. el 5 de mayo de 2004, 2004 TSPR 69; Chévere v. Levis, 150 D.P.R. 525, 533 (2000). Dicha obligación emana, además, de los Arts. 118, 143 y 153 del Código Civil de Puerto Rico. 31 L.P.R.A. secs. 466, 562 y 601. El deber de proveer alimentos a los hijos menores de edad surge de la relación paterno-filial y se origina en el momento en que la paternidad o maternidad quedan legalmente establecidas. Martínez Vázquez v. Rodríguez Laureano, res. el 13 de agosto de 2003, 2003 TSPR 134.

Por estar revestido el derecho de alimentos de los menores de edad del más alto interés público, el Estado ha legislado ampliamente para asegurar su cumplimiento. A esos fines fue aprobada la Ley para el Sustento de Menores, en la que se estableció la política pública del Estado de fomentar la paternidad y maternidad responsable. Su objetivo primordial fue agilizar los procedimientos de fijación y modificación de pensiones alimentarias para

---

[3] La parte recurrida no presentó alegato.

beneficiar a los alimentistas reclamantes. Véase *Sarah Torres Peralta, La Ley Especial de Sustento de Menores y el Derecho de Alimentos en Puerto Rico*, Publicaciones STP, Inc., San Juan, 1997, Sec. 4.3. Así, dispuso un procedimiento judicial expedito para la determinación, recaudación y distribución de las pensiones alimentarias. 5 L.P.R.A. sec. 502. Además, estableció que sus disposiciones deben ser interpretadas liberalmente a favor de los mejores intereses del menor o alimentista. *Id*.

En el 1994 la Asamblea Legislativa aprobó la Ley Núm. 86 de 17 de agosto de 1994, la cual enmendó la Ley para el Sustento de Menores, *supra*. Mediante esta enmienda se creó ASUME, un organismo facultado para llevar a cabo un procedimiento administrativo expedito conducente a hacer determinaciones filiatorias, establecer o modificar órdenes de pensiones alimentarias y exigir de la persona responsable por ley el cumplimiento de la obligación de prestar alimentos. 5 L.P.R.A. sec. 510. Precisa señalar que el mencionado procedimiento administrativo se estableció "en adición a los remedios y a la acción judicial de alimentos que puedan incoar las personas con capacidad para reclamar alimentos". *Id*.

La Ley para el Sustento de Menores, *supra*, fue nuevamente enmendada mediante la Ley Núm. 178, *supra*. Esta enmienda tuvo el propósito de atemperar la legislación local con las disposiciones de la Ley de Seguridad Social

Federal[4] y la reglamentación federal aplicable, facilitar el acceso a los ciudadanos a los procedimientos de pensiones alimentarias mediante el incremento de las posiciones de Jueces Administrativos y mejorar la comunicación entre el foro judicial y la agencia administrativa. *Véase* Exposición de Motivos de la Ley Núm. 178, *supra*. La coexistencia del procedimiento expedito, tanto administrativo como judicial, quedó inalterada luego de las enmiendas efectuadas en el 2003 a la Ley para el Sustento de Menores, *supra*. De esta forma, los alimentistas pueden seleccionar entre dos (2) foros para presentar sus reclamaciones, de manera que éstas sean atendidas de forma rápida y eficiente.

El procedimiento judicial expedito consiste en un trámite procesal sumario, que da inicio con la presentación de una petición para fijar, modificar, revisar o hacer efectivas las órdenes de pensiones alimentarias ante el tribunal de instancia. Inmediatamente la secretaría del tribunal expide una notificación-citación y se señala una vista ante un Oficial Examinador de Pensiones Alimentarias. Posteriormente se diligencia la notificación-citación al alimentante y se celebra la vista ante el examinador, quien debe presentar un Informe al tribunal con las recomendaciones sobre el curso de acción a seguir en torno

---

[4] Ley Pública 93-647 de 4 de enero de 1975, según enmendada.

a la solicitud presentada. Finalmente, el tribunal adjudicará la petición de alimentos. A tono con el Art. 1, inciso veintiocho (28) de la Ley Núm. 178, *supra*, el procedimiento judicial expedito debe propender a que el noventa por ciento (90%) de los casos se resuelvan dentro del término de tres (3) meses, a que el noventa y ocho por ciento (98%) de los casos se resuelvan en un término de seis (6) meses y a que la totalidad de estos sean resueltos dentro del término de un (1) año. Este término para la resolución final de las reclamaciones de alimentos debe ser contado a partir del diligenciamiento de la notificación de la petición.

De otra parte, el procedimiento administrativo expedito da inicio con la presentación de una reclamación en ASUME y la subsiguiente notificación por la agencia al alimentante de la reclamación instada. Posteriormente, la agencia debe llevar a cabo una investigación en torno a la reclamación, la cual puede incluir exámenes genéticos, si está en controversia la filiación de un menor, y debe proveerle la oportunidad al alimentante de presentar sus defensas y objeciones. ASUME está facultada para celebrar vistas administrativas informales y para dictar órdenes de pago de alimentos y decretos de filiación, entre otros. Arts. 13 y 14 de la Ley Núm. 178, *supra*.

En cuanto a cuál de estos dos (2) foro adquiere jurisdicción para adjudicar una solicitud para fijar una pensión alimentaria, el Art. 8 de la Ley para el Sustento

de Menores, 5 L.P.R.A. sec. 507, según enmendado por la Ley Núm. 178, *supra*, dispone que el foro en el que primero se presente la solicitud para <u>fijar</u> la pensión, –bien sea el administrativo o el judicial– adquiere jurisdicción exclusiva respecto a ese asunto en particular. Esto surge conspicuamente del texto del citado Art. 8 el cual dispone que "[a]l iniciarse la petición de remedios o al tramitarse la solicitud ante el foro administrativo o judicial, se entenderá que el foro en donde se radique primero tendrá jurisdicción exclusiva para fijar una orden de pensión alimentaria".

B

Asimismo, la propia Ley para el Sustento de Menores reconoce que existe **jurisdicción concurrente** entre ASUME y el Tribunal de Primera Instancia para entender en los <u>incidentes que surjan luego de haberse adjudicado la petición de pensión</u>, independientemente de cuál de estos dos (2) foros adjudicó la petición originalmente. Esto, de igual forma, se evidencia de una simple lectura del Art. 8, el cual dispone a esos efectos que , "aun cuando la orden de pensión haya sido fijada en el foro judicial o en otro estado, el Administrador tendrá jurisdicción para disponer administrativamente"; la retención de ingresos, la cubierta de seguro médico, el pago de deudas, la modificación o revisión de la pensión corriente, el cumplimiento de orden de pensión alimentaria y "cualquier otra gestión posterior a la fijación de la Orden de

Pensión Alimentaria", entre otras cosas.

El Art. 8, según enmendado, atiende dos (2) asuntos distintos, a saber: la fijación de la pensión en primera instancia y los trámites posteriores accesorios a dicha pensión, como son, su cobro, modificación o revisión. Para el primer caso, la ley dispuso sin lugar a dudas que el foro al que primero se acuda es el que debe adjudicar la reclamación. Ahora, con el fin de agilizar los procedimientos y disponer un mecanismo eficiente para dichos incidentes posteriores a la fijación de la pensión, la enmienda en el 2003 a la Ley para el Sustento de Menores, *supra*, proveyó expresamente jurisdicción concurrente al foro judicial y al administrativo. Resolver que el foro judicial carece de jurisdicción para atender los asuntos posteriores a la fijación de una pensión alimentaria atentaría contra el interés público de propiciar el acceso de los ciudadanos a los mecanismos procesales para ejercer el derecho a recibir alimentos y de tramitar con prontitud las reclamaciones de los alimentistas. *Véase* Exposición de Motivos de la Ley Núm. 178, *supra*.

C

Visto lo anterior, no obstante, debemos determinar si el tribunal puede motu proprio ordenar la tramitación por la vía administrativa de los asuntos posteriores a la fijación de la pensión alimentaria, cuando fue el foro judicial el que originalmente ordenó el pago de alimentos.

Aunque ciertamente de la Ley para el Sustento de Menores, *supra,* surge el derecho de la parte a acudir al foro de su preferencia a solicitar la fijación de la pensión alimentaria y cualquier otro remedio posterior, ello no es óbice para que, consistente con los fines de dicha ley y en observancia con su mandato de interpretación liberal a favor de los mejores intereses del alimentista, se reconozca facultad al tribunal para referir a ASUME <u>los incidentes posteriores a la fijación de la pensión</u>. **Ello siempre que se haga una determinación específica de que de esa manera se sirven mejor los intereses del alimentante y, por supuesto, los fines de la Ley para el Sustento de Menores,** *supra*.

El tribunal puede transferir a ASUME cualquier reclamación posterior a la fijación de la pensión, independientemente de si la misma se fijó por el foro judicial o por el administrativo. Ciertamente, en primera instancia las partes tienen la potestad de decidir en cuál foro tramitar estos asuntos. No obstante, si acuden al foro judicial y éste <u>determina de manera específica</u> que existe alguna razón meritoria para que sea ASUME quien tramite su reclamación –posterior a la fijación de la pensión–, el tribunal tiene la autoridad para referir el caso a dicha agencia. Es el tribunal de instancia el que está en mejor posición para decidir si el procesamiento del caso a través del foro administrativo promovería, de mejor manera, el propósito de la Ley para el Sustento de

Menores, *supra*, de gestionar el reclamo de alimentos de manera ágil y eficiente. Por ejemplo, es el tribunal el que podría saber que, por la cantidad de casos ante su consideración, la reclamación de alimentos se retrasaría considerablemente y, por lo tanto, es conveniente tramitarlo por la vía administrativa. De igual forma, el tribunal podría estimar que, por la naturaleza de la reclamación, son necesarios los recursos y especialización de la agencia administrativa. Además, podría entender que el uso de técnicas de adjudicación más flexibles en el foro administrativo facilitaría la tramitación de la reclamación.[5] El tribunal de igual forma, podrá considerar cualquier otro factor en beneficio del alimentista.

### III

En el caso de autos, el Tribunal de Primera Instancia impuso al señor Narváez Calderón el pago de una pensión alimentaria para su hija menor de edad de veinticinco ($25) dólares semanales. Posteriormente, ante una moción solicitando los pagos de pensión atrasados, presentada por la señora Ríos Sánchez, el foro de instancia ordenó el archivo del caso y lo refirió a ASUME.

Como indicamos previamente, el tribunal está facultado para referir al foro administrativo aquellas reclamaciones posteriores a la fijación de una pensión en las que entienda que la tramitación del asunto en ese foro

---

[5] *Véase* <u>Ferrer Rodríguez v. Figueroa</u>, 109 D.P.R. 398, 402 (1980).

servirá mejor a los intereses del alimentista y al propósito de la Ley para el Sustento de Menores, *supra*. No obstante, tal referido no puede hacerse de forma automática, sino que <u>el tribunal debe hacer una determinación específica sobre la adecuacidad del trámite administrativo sobre el judicial para tender el asunto</u>.

Conforme a ello, se deja sin efecto la decisión del Tribunal de Primera Instancia de referir la reclamación de la Sra. María L. Ríos Sánchez a la Administración para el Sustento de Menores. Se devuelve el caso a dicho foro para que éste haga una determinación específica sobre la conveniencia de que sea el foro administrativo quien atienda la reclamación de pensiones atrasadas presentada por la Sra. María L. Ríos Sánchez o que, de lo contrario, sea dicho foro judicial el que la adjudique. Le instruimos, además, a realizar dicha determinación prontamente, de manera que no se continúen dilatando los procedimientos en perjuicio del alimentista.

Se dictará la Sentencia correspondiente.


Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

María L. Ríos Sánchez

    Demandante-Peticionaria

    v.                                    CT-2003-3

Edwin Narváez Calderón

    Demandado-Recurrido

SENTENCIA

San Juan, Puerto Rico, a 31 de diciembre de 2004.

    Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se revoca el dictamen emitido por el Tribunal de Primera Instancia y se devuelve el caso a dicho foro para que determine si la reclamación de la Sra. María L. Ríos Sánchez debe ser atendida por el foro administrativo o por el mismo tribunal. Dicha determinación debe hacerse conforme los mejores intereses del menor alimentante y los preceptos de la Ley Orgánica para el Sustento de Menores. Le instruimos, además, a realizar dicha determinación prontamente, de manera que no se continúen dilatando los procedimientos en perjuicio del alimentista.

    Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal. El Juez Asociado señor Fuster Berlingeri emitió Opinión Disidente. El Juez Asociado señor Rivera Pérez disiente sin opinión escrita. El Juez Asociado señor Rebollo López no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


María L. Ríos Sánchez

        Demandante-Peticionaria


            vs.                              CT-2003-003


Edwin Narváez Calderón

        Demandado-Recurrido



Opinión Disidente emitida por el Juez Asociado señor FUSTER BERLINGERI.


San Juan, Puerto Rico, a 31 de diciembre de 2004.


No cabe duda alguna de que al amparo de la Ley Especial de Sustento de Menores, según enmendada, 8 L.P.R.A. secs. 501 et seq., (en adelante LESM), en Puerto Rico el foro judicial y el foro administrativo –ASUME–[6] tienen **jurisdicción concurrente** sobre las reclamaciones alimentarias de menores. Se trata de un entramado dispuesto por el legislador para asegurar del modo más amplio posible el fundamental derecho de los menores de edad a recibir alimentos de sus padres.

---

[6] La Administración para el Sustento de Menores.

También es claro que conforme a lo dispuesto en el Art. 8 de LESM,[7] el foro con jurisdicción para fijar y tramitar **una orden de pensión alimentaria** será aquel en el cual primero se presente la petición         de remedios o el trámite de una solicitud.

Surge con igual claridad que las partes tendrán el derecho a escoger en qué foro solicitar cualquier otra gestión **posterior a la fijación de una pensión alimentaria**, independientemente del foro en que se haya fijado dicha pensión. Aun cuando la solicitud de pensión alimentaria se hubiere fijado en el foro judicial, el foro administrativo puede entender en los otros asuntos relativos a la pensión alimentaria específicamente mencionados en los incisos del (a) al (g) del referido Art. 8. Surge con meridiana claridad, pues, que la intención del legislador fue proveerle al ciudadano un foro, además del judicial, en el cual se pudiera disponer administrativamente de asuntos relacionados con la fijación de órdenes alimentarias. Lo que no es favorecido, que el legislador procuró de evitar, es que una parte pueda acudir simultáneamente a ambos foros, el administrativo y el judicial, en reclamo de una

---

[7] En lo pertinente, dicho Art. 8 lee como sigue:

. . .

(2) al iniciarse la petición de remedios o al tramitarse la solicitud ante el foro administrativo o judicial, se entenderá que el foro en donde se radique primero tendrá jurisdicción exclusiva para fijar una orden de pensión alimentaria. **No obstante, aun cuando la orden de pensión alimentaria haya sido fijada en el foro judicial o en otro estado, el Administrador tendrá jurisdicción para disponer administrativamente sobre:**

(a)  Iniciar la retención de ingreso;
(b)  Variar el receptor del pago;
(c)  Ordenar cubierta de seguro médico;
(d)  Ordenar pagos para abonar a deudas, en adición a la pensión corriente;
(e)  Modificar, revisar la pensión corriente a tenor con el Plan de Revisión y Modificación de Obligaciones Alimentarias;
(f)  **hacer cumplir la orden de pensión alimentaria, excepto el imponer órdenes de desacato;**
(g)  **cualquier otra gestión posterior a la fijación de la Orden de Pensión Alimentaria.** (Énfasis suplido.)

pensión alimentaria. En casos donde ocurra la presentación simultánea, al adquirir jurisdicción uno de los foros, el otro debe abstenerse de intervenir en la controversia.

En resumen, pues, el claro esquema de la LESM es el de proveerle **a la parte interesada** tanto la facultad de decidir en cuál de los foros ha de presentar la petición de alimentos, como la facultad de decidir en cuál de los foros ha de dilucidar luego los otros asuntos que surjan relacionados con las pensiones alimentarias. Se trata de un **diseño legislativo deliberado y patente** de ofrecerle **al ciudadano** la opción de escoger en qué foro ha de solicitar diversas acciones de naturaleza alimentaria: en el administrativo o en el judicial. El derecho a optar referido es un elemento esencial del esquema legislativo que procura ampliar los medios para hacer valer el derecho a recibir alimentos que tienen los menores de edad.

Como el derecho de escoger el foro le corresponde claramente a la parte solicitante, un tribunal no puede *motu proprio* referir los trámites alimentarios al foro administrativo una vez la parte solicitante ha optado inicialmente por el foro judicial. Tal actuación del foro judicial es *ultra vires* y contraria al esquema claro que dispuso el legislador. **No puede un tribunal usurpar lo que el legislador determinó que le correspondía a la parte solicitante.**

En el caso de autos, la señora Ríos Sánchez escogió el foro judicial para tramitar la petición de cobro de pensión alimentaria. El tribunal de instancia, **por su cuenta, y sin siquiera expresar fundamento alguno para ello**, refirió el caso al foro administrativo. **No tenía ni autoridad ni justificación** para actuar de ese modo, pero hoy una mayoría de este Tribunal convalida tal proceder, a pesar de que es patentemente contrario a lo dispuesto por el legislador. Es un principio cardinal de hermenéutica que "[a]l interpretar una disposición específica de una ley, los tribunales deben siempre considerar cuáles fueron los propósitos perseguidos por la Asamblea

Legislativa al aprobarla, y nuestra interpretación de la ley debe atribuirle un sentido que asegure el resultado que originalmente se quiso obtener". Chase Manhattan Bank v. Municipio de San Juan, 126 D.P.R. 759, 766 (1990). Como la mayoría del Tribunal ignora aquí sin razón alguna el claro y deliberado mandato legislativo, yo disiento.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO