Opinión disidente emitida por el
Juez Asociado Señor Mar-tínez Torres,
a la cual se une el Juez Asociado Señor Kolthoff Caraballo.
Entiendo que la Ley de Condominios de 2003, Ley Núm. 103-2003 (31 L.P.R.A. secs. 1291-1294e), priva de jurisdic-ción sobre la materia al Tribunal de Primera Instancia para atender,' aunque sea por vía de una reconvención, una reclamación contra los órganos ejecutivos de un condomi-nio por incumplimiento con los deberes impuestos en esa ley. Por eso, disiento respetuosamente. Los titulares que deseen presentar ese tipo de acción, deberán hacerlo ante el Departamento de Asuntos del Consumidor (D.A.Co.), conforme dispone el Art. 42 de la Ley de Condominios, 31 L.P.R.A. sec. 1293f, y el Reglamento sobre Condominios Núm. 6728 de D.A.Co. de 2 de diciembre de 2003. Al ana-lizar esta controversia a la luz de la doctrina de jurisdic- *436 ción primaria, la Opinión del Tribunal no toma en cuenta la jurisdicción estatutaria exclusiva que el legislador enco-mendó al Tribunal de Primera Instancia y a D.A.Co. en la Ley de Condominios.
HH
El inicio de la controversia que tenemos ante nos surgió luego de que ocurriera un desbordamiento de agua que ocasionó daños al elevador comunal del Condominio Victoria Plaza. Producto de ese incidente, el elevador de servi-cios del condominio sufrió daños. Este es un condominio exclusivamente residencial, sometido al régimen de propie-dad horizontal desde 1964. El desbordamiento emanó del apartamento 2-B, que es propiedad de los esposos Sr. Raúl Gómez Estremera y la Sra. María Cruz Romance. Tras la celebración de una asamblea extraordinaria, se autorizó a la Junta de Directores a costear, con fondos comunales, la reparación del elevador. Para su reparación se invirtieron $10,765.
Por esos hechos, el matrimonio Gómez-Cruz presentó una reclamación extrajudicial al Consejo de Titulares. En esta, reclamaron los daños que sufrió su apartamento como consecuencia del incidente. Esa reclamación fue referida a la compañía aseguradora Universal Insurance Company que, luego de evaluar el incidente, notificó al matrimonio que el Consejo de Titulares no era responsable por lo ocurrido. Argüyó que no existía relación causal entre las reparaciones realizadas a la cisterna del condominio y los daños acaecidos en el apartamento. Posterior a esa recla-mación, surge del expediente que el matrimonio Gómez-Cruz no volvió a hacer reclamación alguna ni presentó una querella ante el D.A.Co.
Mientras tanto, el Consejo de Titulares requirió en va-rias ocasiones al matrimonio Gómez-Cruz que le reembol-sara la cantidad invertida en la reparación del elevador. *437 Tras no tener éxito, el Consejo de Titulares presentó una demanda en cobro de dinero en el Tribunal de Primera Instancia.
Inconforme con ese proceder, el matrimonio Gómez-Cruz presentó una reconvención. Alegó que el 20 de diciem-bre de 2007, personal contratado por el condominio vació, limpió y volvió a llenar la cisterna del condominio. Añadie-ron que en la madrugada del día siguiente al que se lleva-ron a cabo las reparaciones, se escucharon ruidos, vibracio-nes y un escopeteo de aire en la tubería del condominio que ocasionaron que, por intervalos, saliera agua con presión. Explicaron que, al día siguiente, una tuerca recientemente sustituida de las mangas de la caja de agua del inodoro de su baño se rompió e inundó todo el apartamento. Esa inun-dación desembocó en el elevador del condominio y ocasionó los daños.
Asimismo, en sus alegaciones el matrimonio Gómez-Cruz adujo que personal de seguridad del condominio trató de cerrar la llave de paso de agua de su apartamento pero se les hizo imposible por lo deteriorada que se encontraba. También, afirmaron que esa llave de paso es propiedad del condominio y está bajo su control exclusivo y manteni-miento. Añadieron que no era la primera vez que ocurrían eventos de esa naturaleza, ya que previamente otros apar-tamentos experimentaron desbordamientos de agua por la alta presión que genera la bomba de agua del condominio.
Inconforme, el Consejo de Titulares presentó una solici-tud de desestimación de la reconvención. En síntesis, argu-mentó que el Tribunal de Primera Instancia carecía de ju-risdicción sobre la materia para atender la reclamación presentada por los esposos Gómez-Cruz. El Consejo de Ti-tulares sostuvo su postura a base de la letra del Art. 42 de la Ley de Condominios, supra, que le confiere jurisdicción a D.A.Co. para atender todas las reclamaciones que se pre-senten contra el Consejo de Titulares o la Junta de Direc- *438 tores con relación a la administración de un inmueble cu-yos apartamentos estén dedicados a vivienda.
Sin hacerse esperar, los esposos Gómez-Cruz se opusie-ron a la desestimación de la reconvención. Razonaron que el Tribunal de Primera Instancia adquirió jurisdicción para dirimir la reconvención desde el momento en que el Consejo de Titulares presentó la demanda en su contra. El Tribunal de Primera Instancia declaró "no ha lugar” la so-licitud de desestimación.
Insatisfecho con ese proceder, el Consejo de Titulares presentó un recurso de certiorari ante el Tribunal de Apelaciones. El 14 de junio de 2010 ese foro denegó expedir el auto de certiorari y remitió el caso a la sala de origen para la continuación de los procedimientos. En esencia, el foro apelativo intermedio concluyó que
[d]e las alegaciones de la reconvención presentada por los demandados-recurridos se desprende que la causa de acción que motivó la reconvención surgió como consecuencia de la situación ocurrida en el Condominio ... el 21 de mayo de 2008, consistente en un desbordamiento de agua proveniente del Apartamento 2-B propiedad de los demandados. Este mismo acto fue el que motivó la demanda original en el pleito presen-tada por el peticionario. La naturaleza de ambas reclamacio-nes evidencia que las mismas surgen de unos mismos hechos, por lo que la parte demandada-recurrida estaba en la obliga-ción de presentar la reconvención, ya que, de lo contrario, se entendería renunciada con los mismos efectos de cosa juzgada. Apéndice de la Petición de certiorari, pág. 10.
Nuevamente inconforme, el 16 de julio de 2010 el Con-sejo de Titulares presentó ante nos un recurso de certiorari. Adujo que al foro apelativo intermedio erró al resolver que el Tribunal de Primera Instancia, por vía de una reconvención compulsoria, puede atender asuntos so-bre los cuales no tiene jurisdicción sobre la materia. De igual forma, sostuvo que también erró el foro apelativo in-termedio al no considerar si D.A.Co. es el foro con jurisdic-ción exclusiva para atender los asuntos planteados en la reconvención.
*439 Con el beneficio de la comparecencia de ambas partes, expedimos el auto. Luego de estudiar y analizar la contro-versia, este Tribunal concluye que la aplicabilidad de la jurisdicción del D.A.Co. al amparo del Art. 42 de la Ley de Condominios, supra, no es un asunto de jurisdicción sobre la materia, sino más bien de jurisdicción primaria. Arguye que si se sostiene la jurisdicción primaria exclusiva que ostenta D.A.Co., estaríamos incidiendo sobre el principio de economía judicial que rige en todo nuestro ordena-miento procesal. Por eso, concluye que cuando se impug-nan los acuerdos del Consejo de Titulares en un condomi-nio residencial por vía de una reconvención por los mismos hechos de la causa de acción original del consejo deman-dante, el Tribunal de Primera Instancia retendrá la jurisdicción.
Al concluir así, considero humildemente que la Opinión mayoritaria ignora la voluntad del legislador y otorga al Tribunal de Primera Instancia jurisdicción por vía del me-canismo de la reconvención para atender asuntos que fue-ron retirados de su alcance, por mandato legislativo.
II
A. En primer lugar, procede preguntarse en qué con-sisten los reclamos presentados por el matrimonio Gómez-Cruz a través de la reconvención. Sujeto a lo anterior, ana-lizaré si versan sobre materias que están ante la autoridad y competencia del foro de primera instancia o por el con-trario, de D.A.Co.
De una evaluación de las alegaciones de la reconvención surge que el matrimonio Gómez-Cruz le imputa al Consejo de Titulares, a través de su Junta de Directores y adminis-tración, no tomar medidas para corregir los altos niveles de presión de agua que provocaron daños en los aparta-mentos. De igual forma, le imputa al Consejo de Titulares no adquirir cubiertas de seguro adecuadas para proteger *440 los apartamentos contra riesgos de inundación. (1) Es decir, como correctamente señaló el Consejo de Titulares en su petición de certiorari ante este Tribunal, las alegaciones del matrimonio Gómez-Cruz se traducen en reclamos por violaciones a los deberes y facultades delegados a los cuer-pos directivos en la Ley de Condominios. En otras pala-bras, el matrimonio Gómez-Cruz aduce implícitamente que el Consejo de Titulares ha faltado a algunos de los deberes que le impone el Art. 38 de la Ley de Condominios, 31 L.P.R.A. sec. 1293b.
Asimismo, las alegaciones contra la Junta de Directores van dirigidas a imputar a ese órgano ejecutivo el incumpli-miento de los deberes que la ley le impuso en el Art. 38-D(a), 31 L.P.R.A. sec. 1293b-4. Concretamente, el matrimo-nio Gómez-Cruz insinúa que la Junta de Directores, falló en “[a]tender todo lo relacionado con el buen gobierno, ad-ministración, vigilancia y funcionamiento del régimen y en especial lo relativo a las cosas y elementos de uso común y los servicios generales, y hacer a estos efectos las oportu-nas advertencias y apercibimientos a los titulares”. Id.
*441 Aclarado que los reclamos al Consejo de Titulares y a la Junta de Directores son por violaciones a los deberes que le impone la ley a esos cuerpos administrativos en los Arts. 38 y 38-D, respectivamente, hay que analizar entonces a qué foro le corresponde atender esas reclamaciones.
B. El Art. 42 de la Ley de Condominios, supra, regula las formas en que se canalizarán las querellas que se sus-citen en los condominios sometidos al régimen de propie-dad horizontal. Específicamente, determina el procedi-miento para la impugnación de los acuerdos del Consejo de Titulares y de las determinaciones, omisiones o actuacio-nes del Director o de la Junta de Directores.
De entrada, el Art. 42, supra, especifica en su primer párrafo los foros en los que se deberán dilucidar las contro-versias en los condominios dependiendo de quién impugne y de la naturaleza residencial o comercial del condominio. A esos efectos el primer párrafo del artículo explica que
[líos acuerdos del Consejo de Titulares y las determinacio-nes, omisiones o actuaciones del Director o de la Junta de Directores, del titular que somete el inmueble al régimen que establece [esta Ley], durante el período de administración que contempla [el Artículo 36-A], del Presidente y del Secretario, concernientes a la administración de inmuebles que no com-prendan apartamientos destinados a vivienda o de titulares de apartamientos no residenciales en los condominios en donde exista por lo menos un apartamiento dedicado a vivienda, se-rán impugnables ante el Tribunal de [P] rimer a [I]nstancia por cualquier titular que estimase que el acuerdo, determinación, omisión o actuación en cuestión es gravemente perjudicial para él o para la comunidad de titulares o es contrario a la ley, a la escritura de constitución o al Reglamento a que hace re-ferencia [el Articulo 36]. Las impugnaciones por los titulares de apartamientos destinados a viviendas se presentarán ante el Departamento de Asuntos del Consumidor. (Enfasis suplido.)
El Prof. Michel Godreau Robles explica que “[b]ajo la nueva Ley, la jurisdicción del DACO se reserva exclusiva-mente para los titulares de apartamientos dedicados a vi-vienda; los titulares de comercio o de oficinas profesionales *442 tendrán que presentar sus querellas en el Tribunal de Pri-mera Instancia, aun cuando se trate de un condominio mixto M.J. Godreau Robles, La Nueva Ley de Condominios, 2da ed., San Juan, Ed. Dictum, 2003, pág. 41.
Por su parte, el Reglamento sobre Condominios re-afirma la jurisdicción que posee D.A.Co. para atender querellas. A esos efectos, el reglamento señala en su See. 26 que
[c]ualquier titular o grupo de titulares de condominios donde exista por lo menos una unidad de vivienda, podrá im-pugnar ante este Departamento cualquier acuerdo, determi-nación, omisión o actuación del Consejo de Titulares, del Director o de la Junta de Directores, presidente o del secretario de la Junta de Directores o de la persona que someta el inmue-ble al Régimen de Propiedad Horizontal, mientras éste sea a su vez, el administrador interino del condominio y del Síndico; siempre y cuando el acuerdo, determinación, omisión o actua-ción en cuestión sea gravemente perjudicial para el titular o grupo de titulares que impugna o para la comunidad de titu-lares o cuando dicho acuerdo, determinación, omisión o actua-ción sea contraria a la Ley, a la escritura de constitución al Régimen de Propiedad Horizontal, al Reglamento del Condo-minio y a este Reglamento.
El Departamento no tendrá jurisdicción para entender en controversias que surjan contra el agente administrador. Las mismas corresponderán atenderlas al Director o la Junta de Directores y al Consejo de Titulares.
El Departamento no tendrá jurisdicción para adjudicar que-rellas que surjan en condominios de uso exclusivamente co-mercial o profesional. Igualmente carecerá de jurisdicción en aquellos condominios donde exista por lo menos una unidad de vivienda, y la querella sea interpuesta por un titular o grupo de titulares de apartamentos no residenciales. En estos casos la jurisdicción corresponderá al Tribunal de Primera Instancia. El Departamento sólo atenderá reclamaciones del titular o grupo de titulares que sean propietarios de las uni-dades residenciales.
También quedará excluido de la jurisdicción del Departa-mento, toda reclamación que consista en cuestionar alguna cláusula contenida en la escritura matriz o el reglamento del condominio inscrito en el Registro de la Propiedad. Igual-mente quedan excluidos las querellas entre titulares o cuando el Consejo de Titulares o el Director o la Junta de Directores *443 entable reclamación contra uno o varios titulares o residentes del condominio. La jurisdicción para ventilar estas acciones corresponderá al Tribunal de Primera Instancia. Reglamento sobre Condominios, supra, págs. 42-43.
Una lectura del Art. 42, supra, así como de la See. 26 del Reglamento sobre Condominios revela la jurisdicción que ostenta el Tribunal de Primera Instancia y la que el legis-lador asignó a D.A.Co. para entender en las controversias que surjan en los condominios sometidos al régimen de propiedad horizontal.
El Tribunal de Primera Instancia está facultado para conocer: (1) en reclamaciones que surjan en condominios de uso exclusivamente comercial o profesional; (2) en aque-llos condominios donde exista por lo menos una unidad de vivienda, y la querella sea interpuesta por un titular o grupo de titulares de apartamentos no residenciales-, (3) en reclamaciones que cuestionen alguna cláusula contenida en la escritura matriz o el reglamento del condominio ins-crito en el Registro de la Propiedad; (4) en querellas entre titulares; y (5) en reclamaciones del Consejo de Titulares, el Director o la Junta de Directores contra uno o varios titulares o residentes del condominio.
D.A.Co., en cambio, está autorizado a atender: (1) cuando cualquier titular o grupo de titulares donde exista por lo menos una unidad de vivienda, impugne cualquier acuerdo, determinación, omisión o actuación del Consejo de Titulares, del Director o de la Junta de Directores, del Síndico, del Presidente o del Secretario de la Junta de Directores, o de la persona que someta el inmueble al Régi-men de Propiedad Horizontal mientras esta persona sea a su vez, la administradora interina del condominio; y (2) las reclamaciones, en condominios mixtos, iniciadas por los ti-tulares o grupo de titulares que sean propietarios de las unidades residenciales.
En Consejo Cond. Plaza del Mar v. Jetter, 169 D.P.R. 643, 662 (2006), añadimos que la jurisdicción exclusiva de D.A.Co.
*444 ... no se extiende a toda posible causa de acción dimanante de un condominio sometido al régimen de la propiedad horizontal. DACO tiene jurisdicción para dirimir las con-troversias suscitadas por acciones u omisiones de la junta de un condominio y sobre los actos que no sean de índole voluntaria o que trasciendan los intereses personales y pri-vados de los titulares o de los condominios. (Énfasis en el original.)
Véase, además, Srio. D.A.C.O. v. J. Condóminos C. Martí, 121 D.P.R. 807 (1988). Añadimos, al citar con apro-bación la comparecencia como amicus curiae de D.A.Co., que
“[s]i el titular o grupo de titulares de un condominio ejercita la acción de impugnación que le autorizan los Artículo 42 y 48 de la Ley, y ala vez solicita indemnización que pudiera corres-ponderle bajo el Código Civil por daños ocasionados por la conducta negligente de los cuerpos ejecutivos del Condominio, este Departamento podría adjudicar ambas reclamaciones al estar autorizados para ello, por virtud^ de los [sic] dispuesto en el Artículo 51 [de la concernida ley]. (Énfasis suplido.) Consejo Cond. Plaza del Mar v. Jetter, supra, pág. 662.
Como notamos, la jurisdicción de D.A.Co. y del Tribunal de Primera Instancia para entender en controversias fue claramente delimitada por el legislador. Por esa razón, la opinión mayoritaria falla en su análisis al enmarcar la con-troversia que nos ocupa al amparo de la doctrina de juris-dicción primaria. La jurisdicción primaria presupone la existencia de jurisdicción concurrente entre el proceso ad-ministrativo y el sistema judicial. Ferrer Rodríguez v. Figueroa, 109 D.P.R. 398, 402 (1980). Esa no es la situación del caso ante nuestra consideración. En esos términos nos expresamos en First Fed. Savs. v. Asoc. de Condómines, 114 D.P.R. 426 (1983), al analizar cuál era el foro con poder y autoridad para dilucidar una acción de impugnación por parte de un titular de un apartamento comercial contra el Consejo de Titulares por la imposición de cuotas de mantenimiento. Se explicó que esa interrogante no podía contestarse a base de la aplicación automática de la doc- *445 trina de jurisdicción primaria. íd., pág. 432. Al utilizar como fundamento lo expresado en Ferrer Rodríguez v. Figueroa, supra, pág. 402, señalamos que
“[l]a verdadera jurisdicción primaria ocurre tan solo cuando existe jurisdicción concurrente entre el proceso ad-ministrativo y el sistema judicial.” ... De esta manera, la “... doctrina opera para determinar qué organismo, si el judicial o el administrativo, debe hacer la determinación inicial del asunto y se aplica específicamente cuando la si-tuación presenta cuestiones de hecho que requieren el ejer-cicio de la discreción administrativa ...”. First Fed. Savs. v. Asoc. de Condómines, supra, pág. 432.
Luego de analizar las disposiciones de la Ley de Propie-dad Horizontal de 1958 y las enmiendas introducidas a ese cuerpo legal por la Ley Núm. 157 de 4 de junio de 1976, este Tribunal interpretó el artículo equivalente en aquel entonces al Art. 42 de la ley actual y concluyó que
[e]l lenguaje terminante y mandatorio transcrito es claro. Establece dos foros distintos para instarse acciones impugnatorias. El criterio para determinar el apropiado se re-mite al carácter exclusivo comercial o mixto (residencial y co-mercial) del condominio. Cuando en un inmueble se destina un apartamiento para vivienda, el foro indicado para decantar su pericia —“se radicarán” expresa la ley— es primeramente DACO. Esa jurisdicción es exclusiva. (Enfasis suplido y en el original.) First Fed. Savs. v. Asoc. de Condómines, supra, pág. 434.
Con relación a la jurisdicción exclusiva por mandato de un estatuto (jurisdicción exclusiva estatutaria), el profesor Demetrio Fernández explica que
[e]n el examen y aplicación de la doctrina de jurisdicción primaria es necesario tener presente que, si el estatuto le con-fiere jurisdicción al organismo administrativo, se trata de una jurisdicción estatutaria. Rovira Palés v. P.R. Telephone Co., [96 D.P.R. 47 (1968),] explicó con suficiente claridad que, si la ley orgánica de la agencia administrativa le confiere expresa-mente la jurisdicción al ente administrativo, se trata de una jurisdicción exclusiva por vía de estatuto y no es necesario considerar la aplicación de la doctrina de jurisdicción *446 primaria. Precisa recordar en esta coyuntura que la doctrina de la jurisdicción primaria presupone una jurisdicción concu-rrente entre la agencia y el tribunal. Tal y como hemos apun-tado, la diferencia que resalta es que el legislador le confió esa facultad específicamente a la agencia. D. Fernández Quiño-nes, Derecho administrativo y la ley de procedimiento admi-nistrativo uniforme, 2da ed., Bogotá, Ed. Forum, 2001, pág. 437.
III
La Regla 11.1 de Procedimiento Civil, 32 L.P.R.A. Ap. V, permite que una parte presente una reclamación contra otra parte adversa a través del mecanismo de la reconvención. S.L.G. Font Bardón v. Mini-Warehouse, 179 D.P.R. 322, 332 (2010). En particular, el ordenamiento ju-rídico permite dos tipos de reconvenciones: las obligatorias y las permisibles. Id.
El efecto de no presentar una reconvención obligatoria es “imp[edir] que el demandado presente una acción inde-pendiente basada en la misma transacción o evento que motivó la acción original, ya que es aplicable, por analogía, el principio de cosa juzgada, al efecto de que una sentencia es concluyente en cuanto a aquellas cuestiones que pudie-ron haber sido planteadas y no lo fueron”. (Enfasis nuestro.) J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., San Juan, Pubs. J.T.S., 2011, T. II, pág. 558. Véase, además, Sastre v. Cabrera, 75 D.P.R. 1, 3 (1953). Como se aprecia, para que opere el principio de cosa juzgada en cuanto a la reconvención obligatoria, es necesario que esta se pudiera presentar en el pleito.
Por otro lado, “[l]as reconvenciones permisibles son aquellas reclamaciones que no surgen del mismo acto, omi-sión o evento que motivó la reclamación de la parte contra la que se presenta”. S.L.G. Font Bardón v. Mini-Warehouse, supra, pág. 332. Véase, además, Regla 11.2 de Pro-cedimiento Civil, 32 L.P.R.A. Ap. V De esta forma, es op-cional presentar una reconvención permisible, y si no se *447 presenta, “no tiene efectos de res judicata”. Cuevas Sega-rra, op. cit., pág. 566. Esto implica que puede interponerse una acción independiente posteriormente. íd.
De esta discusión doctrinal resalta que la presentación de una reconvención presupone que el foro ante el cual se presenta cuenta con jurisdicción para atenderla. Después de todo, uno de los pilares básicos de nuestro ordenamiento jurídico es que nuestros tribunales son de jurisdicción general. Junta Dir. Cond. Montebello v. Fernández, 136 D.P.R. 223, 230 (1994). Por ende, pueden ver todo tipo de .controversias, excepto que lo contrario se haya dispuesto expresamente en algún estatuto o que ello surja del mismo por implicación necesaria. íd.
En este caso, la reconvención que presentó el matrimo-nio Gómez-Cruz es, en esencia, por fallas del Consejo de Titulares, que a través de su Junta de Directores, alegada-mente no tomó las medidas adecuadas para el manteni-miento y la corrección del sistema de bombeo de agua del Condominio. Igualmente, los recurridos cuestionan la fun-cionalidad de las pólizas de seguro que el condominio tiene para asegurar los daños que el desbordamiento de agua pueda ocasionar a las maquinarias y equipos del inmueble.
Al ser esos los reclamos, forzosamente tenemos que con-cluir que la reconvención se trata de impugnaciones por supuestas omisiones y acciones que el Consejo de Titulares y la Junta de Directores ha hecho en contra de la ley. Esas acciones y omisiones están enmarcadas dentro de la ges-tión administrativa que le corresponde a los cuerpos recto-res del condominio. El legislador delegó la dilucidación de la impugnación de esas omisiones y acciones a D.A.Co de manera expresa y exclusiva. Recordemos que el Art. 42, supra, dispone en su primer párrafo que los titulares de apar-tamentos destinados a vivienda podrán impugnar en D.A.Co. cualquier acuerdo, determinación, omisión o ac-tuación que le sea gravemente peijudicial o contraria a la ley, a la escritura de constitución o al reglamento.
*448 Como señalamos en Consejo Cond. Plaza del Mar v. Jetter, supra, págs. 669-670: “Tanto la Ley de la Propiedad Horizontal de 1976 como su versión enmendada en 2003, son claras al disponer que DACO posee jurisdicción exclu-siva sobre las reclamaciones que presenten los titulares para impugnar las determinaciones, actuaciones u omisio-nes de la Junta de Directores.”
Según surge del alegato del matrimonio Gómez Cruz ante este Tribunal, luego de estos recibir la notificación de la aseguradora denegándoles compensación por los daños ocasionados a su apartamento, nunca acudieron al D.A.Co. a reclamar lo que hoy pretenden reclamarle al Consejo de Titulares a través de la reconvención. Si los esposos recu-rridos tenían reparos sobre la forma en que el Consejo de Titulares y la Junta de Directores llevaban a cabo sus fun-ciones y deberes con relación al mantenimiento del condo-minio, debieron recurrir a D.A.Co. oportunamente.
El Art. 42 de la Ley de Condominios, supra, regula las acciones en daños y peijuicios que presenten los titulares contra los órganos ejecutivos de los condominios. En cada caso hay que analizar si la actuación u omisión que causa el daño alegado, proviene de un deber que le impone la Ley de Condominios al Consejo o a la Junta. La Ley de Condo-minios, al imponerles unas funciones y deberes tanto al Consejo como a la Junta, previo las posibles acciones en daños y perjuicios que surgirían por incumplir con su letra y delegó en D.A.Co. la potestad de dilucidarlas en primera instancia. Una parte no puede traer ante el Tribunal de Primera Instancia, por vía de una reconvención, un asunto que ha sido expresamente retirado de su jurisdicción a tra-vés de una ley.
En el caso ante nos, el matrimonio Gómez-Cruz pre-tende otorgarle jurisdicción al Tribunal de Primera Instan-cia a través de la reconvención. Tal proceder es errado. Las reclamaciones presentadas por el matrimonio a través de la reconvención, son de las que se originan en el día a día *449 del curso administrativo de un condominio y las que el le-gislador quiso canalizar para que sea D.A.Co., como foro especializado, quien las dilucide. Así pues, lo que procedía era que el matrimonio Gómez-Cruz presentara oportuna-mente ante DA.Co. su reclamación contra el Consejo de Titulares y su Junta de Directores, por incumplimiento de lo dispuesto en los Arts. 38 y 38-D de la Ley de Condomi-nios, 31 L.P.R.A. secs. 1293b y 1293-4. Véase Art. 42(c) de la Ley de Condominios, supra.
La Opinión del Tribunal considera que esta alternativa es onerosa para los condominos porque supuestamente reduce a treinta días el término para reclamar indemniza-ción por los daños sufridos, que de otro modo sería de un año, según el Art. 1868 del Código Civil, 31 L.P.R.A. see. 5298. Esa conclusión es equivocada. Confunde las diferen-tes causas de acción que el legislador incluyó en el Art. 42 de la Ley de Condominios de 2003, supra.
El plazo de treinta días para reclamar en D.A.Co que recoge la Opinión mayoritaria se refiere únicamente a las acciones para impugnar acuerdos o determinaciones de la Junta de Directores (Art. 42(a)) o del Consejo de Titulares (Art. 42(b)). Esa no es la acción que instaron los condomi-nos recurridos.
Por el contrario, la causa de acción de los recurridos queda enmarcada en el Art. 42(c), supra, pues se dirige a impugnar las omisiones de la Junta, en violación de sus deberes según la Ley de Condominios. Para ello el propio Art. 42(c) le da no uno sino dos años a los titulares para instar la acción correspondiente. Así lo resolvimos hace seis meses en Pereira Suárez v. Jta. Dir. Cond., 182 D.P.R. 485 (2011). Ese plazo se cuenta desde que el reclamante conoció de la omisión. Art. 42(c), supra.(2)
En fin, el legislador concedió a los condominos indivi-duales un foro administrativo más conveniente y menos *450 oneroso para dilucidar con exclusividad sus reclamos. En el caso específico de las reclamaciones al amparo del Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, por los daños causados supuestamente por las omisiones de la Junta de Directores o del Consejo de Titulares que violen la ley, la escritura matriz o el reglamento del condominio, el legisla-dor concedió a cada condomino un plazo de prescripción más generoso para instar su causa de acción en el foro administrativo que el legislador designó con exclusividad. Sin embargo, la Opinión mayoritaria descarta lo dispuesto en el Art. 42(c), supra, y lo resuelto en Pereira Suárez v. Jta. Dir Cond., supra, y en Consejo Cond. Plaza del Mar v. Jetter, supra, para en su lugar avalar una mal llamada reconvención compulsoria en el tribunal. No hay regla de hermenéutica que justifique esa revocación sub silentio de la ley y nuestros precedentes.
Lo que hace el Tribunal es crear una dualidad de acciones. Reconoce por un lado las reclamaciones por daños que pueden instar los titulares contra la Junta de Directo-res o el Consejo de Titulares, al amparo del Art. 42 de la Ley de Condominios, supra, en cualquiera de sus modalidades. Por otro lado invoca el estatuto general de daños, el Art. 1802 del Código Civil, supra, para crear una causa de acción por daños en los tribunales, adicional a la que regula el estatuto especial. No está claro cuándo apli-cará un estatuto y cuándo aplicará el otro. Por el contrario, la demarcación entre ambas causas de acción es demasiado difusa. Así, aunque en este caso se imputa a la Junta de Directores una omisión al deber que le impone la Ley de Condominios y se solicita la indemnización correspon-diente por los daños alegadamente causados, se descarta la aplicación del Art. 42(c), supra, y se permite una reclama-ción en el tribunal en lugar de D.A.Co. contra una Junta de Directores en funciones, por sus determinaciones, actua-ciones u omisiones. ¿No es eso lo que rechazamos en Consejo Cond. Plaza del Mar v. Jetter, supra? ¿Basta invocar el *451 Art. 1802 para zafarse de la jurisdicción de D.A.Co. esta-blecida en el Art. 42(c), supra?
Lo que esta decisión augura es que habrán controver-sias interminables acerca de cuál es el foro con jurisdicción o si la causa de acción está prescrita. Como cuestión prác-tica, hemos anulado la jurisdicción exclusiva que el legis-lador le dio a D.A.Co. durante el transcurso del primer año del período prescriptivo del Art. 42(c), supra. Es anticipa-ble que esa jurisdicción exclusiva solo se invocará durante el año siguiente y enfrentará la inmediata moción de des-estimación con la alegación de que lo que procedía era de-mandar al amparo del Art. 1802, supra, y que al transcu-rrir el año la causa de acción prescribió. Felicito de antemano a quien pueda discernir quién tiene la razón. De todos modos, el costo de la litigación lo asumirán los Con-sejos de Titulares, a pesar de que el legislador quiso evitar-les esa penuria económica.
IV
Sabido es que “[1] a jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y contro-versias”. S.L.G. Solá-Moreno v. Bengoa Becerra, 182 D.P.R. 675, 682 (2011), citando a Asoc. Punta Las Marías v. A.R.Pe., 170 D.P.R. 253, 263 esc. 3 (2007); Gearheart v. Haskell, 87 D.P.R. 57, 61 (1963). La jurisdicción sobre la materia, por su parte, “se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un as-pecto legal”. S.L.G. Solá-Moreno v. Bengoa Becerra, supra, citando a J. Echevarría Vargas, Procedimiento Civil Puer-torriqueño, Colombia, [s. Ed.], 2010, pág. 25. Por ello, “[la] falta de jurisdicción sobre la materia significa que el tribunal carece de autoridad y poder para entender en el asunto”. Unisys v. Ramallo Brothers, 128 D.P.R. 842, 862 esc. 5 (1991). Ahora bien, “[s]ólo el Estado, a través de sus leyes, puede [privar de jurisdicción sobre la materia a un tribunal]”. íd.
*452 La Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill (ed. 1983), enumera entre las defensas para solicitar la desestimación de un pleito, la falta de jurisdicción sobre la materia. González v. Mayagüez Resort & Casino, 176 D.P.R. 848, 854 (2009). Esta es una defensa privilegiada que puede alegarse en cualquier momento durante el proceso. íd., pág. 855, citando a R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 4ta ed., San Juan, Ed. Lexis Nexis, 2007, See. 2601, pág. 234.
Por su parte,
[l]a Regla 10.8(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que [s]iempre que suija, por indicación de las partes o de algún otro modo, que el tribunal carece de jurisdicción so-bre la materia, éste desestimará el pleito. Bajo esta disposi-ción, se puede desestimar una reclamación por ser de jurisdic-ción de una agencia administrativa o de la esfera federal. Esto significa que es al amparo de la Regla 10.8(c) que se ordena a los tribunales locales desestimar una acción civil cuando surge la falta de jurisdicción sobre la materia ante el foro aludido. (Citas omitidas y énfasis nuestro.) González v. Mayagüez Resort & Casino, supra, pág. 855.
En el caso que nos ocupa, el legislador quiso otorgarle en primera instancia jurisdicción exclusiva a D.A.Co. para ventilar los reclamos que hicieran los condominos dueños de apartamentos residenciales contra la Junta de Directores. Debido a lo anterior, en este caso no cabe ha-blar de reconvención compulsoria, pues el matrimonio Gó-mez Cruz no podía presentarla, ya que el foro primario no contaba con jurisdicción para atenderla. Así pues, lo único que le resta a la pareja es defenderse en el juicio y probar que los daños al elevador no son producto de su negligencia.
V
Por los fundamentos antes expuestos, revocaría la reso-lución del Tribunal de Apelaciones y desestimaría la recon- *453 vención presentada por el matrimonio Gómez-Cruz por falta de jurisdicción sobre la materia. No puedo avalar que se soslaye la voluntad del legislador con el pretexto de la economía procesal. Comprendo la preocupación de la ma-yoría al respecto, pero me parece evidente que el matrimo-nio Gómez-Cruz debió ser más proactivo en su reclamo. Es decir, una vez los recurridos obtuvieron la denegatoria de cubierta por parte de la aseguradora del condominio, de-bieron acudir a D.A.Co. El texto de la ley es claro. El titular que desee impugnar acciones u omisiones de los órga-nos directivos que sean contrarias a la ley, debe reclamar oportunamente ante D.A.Co. Es evidente que los recurri-dos no tenían la intención de reclamarle al condominio hasta que el Consejo de Titulares les demandó. Eso no hace compulsoria la reconvención, pues el primer requisito para ello es que el foro judicial cuente con jurisdicción para atender la reclamación. Aquí no hay jurisdicción por man-dato de la Asamblea Legislativa. Por esta razón, disiento respetuosamente.

 Sus alegaciones específicas son las siguientes:
“1. El Condominio Victoria Plaza, donde residen los codemandados aquí reconvencionistasl,] durante los pasados años hasta el presente han [sic] sufrido de problemas en los niveles de presión en el sistema de bombeo de agua, provocando en diferentes ocasiones la rotura de tubos y componentes del sistema pluvial en dife-rentes apartamentos del referido Condominio.
“2. El Consejo de Titulares, a través de su Junta de Directores y Administración ha tomado conocimiento de estos eventos y de las razones de los mismos. No obs-tante, no se han tomado las medidas correctivas adecuadas para corregir los altos niveles de presión, permitiendo de esa manera que se provoquen daños en las pro-piedades de sus condómines y particular, de los codemandados aquí comparecientes.
“3. A pesar del conocimiento del Consejo de Titulares, su Junta de Directores, sus miembros y la Administración no se han obtenido las cubiertas de seguro ade-cuadas para los posibles daños que se pudieran ocasionar a los equipos y maquina-rias del Condominio.
“4. Los codemandados reconvenientes han sufrido daños en su propiedad, así como daños físicos del co-demandado, Gómez Estremera, como resultado de los acon-tecimientos ocurridos el 21 de mayo de 2008 en su propiedad. No empece a ello, de una forma caprichosa y arbitraria la parte demandante optó de una manera selectiva de presentar la demanda de epígrafe contra estos.” Apéndice de la Petición de certio-rari, págs. 41-42.

 No dilucidaré si la causa de acción del matrimonio Gómez-Cruz está pres-crita, pues ese es un asunto que no fue planteado por ninguna de las partes.